IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. 2: 07-cr-0165 LKK KJN P

    vs.

LUIS MANUEL SANCHEZ ACEVES,

    Movant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant challenges his 2000 conviction for conspiring to possess with intent to distribute and distribute cocaine in violation of Title 21 U.S.C. § 846 and 841(a)(1).

    Pending before the court is respondent's motion to dismiss filed June 28, 2011.  Movant did not file an opposition.  After carefully considering the record, the undersigned recommends that respondent's motion be granted.

    Movant raises two claims alleging that evidence was illegally seized in violation of the Fourth Amendment.

////

////

1    Respondent moves to dismiss this action on grounds that movant waived his right
2 to file a motion pursuant to 28 U.S.C. § 2255. On January 26, 2010, movant plead guilty.
3 Movant's written plea agreement contains an express waiver of his right to collaterally attack his
4 guilty plea and sentence.[1]  When movant entered his guilty plea, he acknowledged that he was
5 waiving his right to file a motion pursuant to 28 U.S.C. § 2255.[2] On May 25, 2010, movant was
6 sentenced to 156 months in prison.

7    A defendant may waive the statutory right to bring a § 2255 action. United States
8 v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th
9 Cir. 1992). A waiver of the right to file a § 2255 motion made pursuant to a negotiated plea
10 agreement is enforceable except with respect to a claim that the plea was involuntary or entered
11 into unintelligently. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that
12 a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is
13 unenforceable with respect to an ineffective assistance of counsel claim that challenges the
14 voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could
15 waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular
16 plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a
17 claim of ineffective assistance or involuntariness of the waiver).

18    Movant's claims do not implicate the voluntariness of his plea agreement.
19 Accordingly, the undersigned finds that the instant action is barred because movant waived his
20 right to file a motion pursuant to 28 U.S.C. § 2255. Respondent's motion to dismiss should be

---

[1] Movant's plea agreement is sealed. (See Dkt. No. 208.) The plea agreement expressly waives the right to file a motion pursuant to 28 U.S.C. § 2255. (Id. 9 of 13.)

[2] At the change of plea hearing, the court asked movant if he understood that he was giving up his right "of appeal and collateral attack. What that means is that no court – what that means is that no court, higher, lower, or at the same level, no court will have the authority to examine these proceedings to determine whether they are legally proper or whether there is a factual basis for your plea. Do you understand?" (Dkt. No. 279-1 at 9 of 16.) Movant responded, "Yes." (Id.)

granted.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 279) be granted;

2. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 272) be dismissed; and

3  The clerk of the court be directed to close the companion civil case 2: 11-cv-1472 LKK KJN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ace165.257